UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMY MURPHY, on behalf of herself and all others similarly situated, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KETTERING ADVENTIST HEALTHCARE, *et al*. : <br> : <br> Defendants. : | Case No. 3:23-cv-69 <br><br> Judge Thomas M. Rose <br> Magistrate Judge Peter B. Silvain, Jr. |

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO STRIKE OR STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR COURT FACILITATED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (DOC. NO. 21)**

This matter is before the Court on Defendant's Motion to Strike or Stay Consideration of Plaintiff's Motion for Court Facilitated Notice to Potential Opt-In Plaintiffs ("Motion"). (Doc. No. 21.) Defendants Kettering Adventist Healthcare and Dayton Osteopathic Hospital, Inc. (collectively, "Defendants") move to strike as premature Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs ("Notice Motion") or, in the alternative, to stay consideration of the Notice Motion until the Court has ruled on Defendants' pending Motion to Dismiss the First Amended Collective and Class Action Complaint ("Motion to Dismiss").

Plaintiff Amy Murphy ("Plaintiff") filed her initial Complaint on March 6, 2023 (Doc. No. 1), and Defendants filed a motion to dismiss the initial Complaint on May 5, 2023 (Doc. No. 13). Plaintiff filed an Amended Complaint on May 12, 2023. (Doc. No. 14.) On May 22, 2023, Defendants were granted an extension of time to file their response to the Amended Complaint, through June 16, 2023. (Doc. No. 17.) Prior to Defendants responding to the Amended Complaint,

1

on June 12, 2023, Plaintiff filed the Notice Motion, which asks the Court to direct that notice be sent to a certain category of potential opt-in plaintiffs and require Defendants to provide an excel sheet of employees who would fit in the defined category. (Doc. No. 18 at PageID 84-85.) Defendants subsequently filed the present Motion and the Motion to Dismiss on June 16, 2023. (Doc. Nos. 20, 21.)

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.1977)). The Court finds that a stay is appropriate. There is the potential for a waste of time and effort on the part of the Parties and the Court in briefing the Notice Motion when this matter could potentially be resolved by the Motion to Dismiss. Additionally, the Plaintiff is entitled to file the Notice Motion; striking that motion would needlessly require Plaintiff to refile the exact same motion at a slightly later time. Therefore, the Court finds it most prudent to stay briefing and consideration of Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs until after the Court has ruled on the Motion to Dismiss.[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, July 11, 2023.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff argues that the recent decision in *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) instructs courts to "waste no time in adjudicating" notice motions. (Doc. No. 25 at PageID 193.) However, as Plaintiff acknowledges and the concurrences in *Clark* indicate, this Court can grant equitable tolling to would-be opt-in plaintiffs. (*Id*. at PageID 169-97.) Therefore, although the Court is not wasting time through this ruling (in fact, the opposite), if equitable tolling becomes appropriate or necessary at a later time, the Court will be able to consider such relief.