UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMY MURPHY, on behalf of herself and all others similarly situated, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KETTERING ADVENTIST HEALTHCARE, *et al.* : <br> : <br> Defendants. : | Case No. 3:23-cv-69 <br><br> Judge Thomas M. Rose <br> Magistrate Judge Peter B. Silvain, Jr. |

**ENTRY AND ORDER DENYING MOTION OF DEFENDANTS KETTERING ADVENTIST HEALTHCARE AND DAYTON OSTEOPATHIC HOSPITAL, INC. TO DISMISS PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT (DOC. NO. 20)**

Presently before the Court is the Motion of Defendants Kettering Adventist Healthcare and Dayton Osteopathic Hospital, Inc. to Dismiss Plaintiff's First Amended Collective and Class Action Complaint ("Motion") (Doc. No. 20). Plaintiff Amy Murphy ("Plaintiff") filed Plaintiff's First Amended Collective and Class Action Complaint for Violations of the Fair Labor Standards Act and Ohio Law, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, against Defendants Kettering Adventist Healthcare and Dayton Osteopathic Hospital, Inc. (collectively, "Defendants") for their alleged failure to pay overtime wages. (Doc. No. 14.) Defendants argue that Plaintiff has failed to allege sufficient facts to state a claim under the FLSA or OPPA. (Doc. No. 20 at PageID 132.)  For the reasons discussed below, the Court **DENIES** the Motion.

I. **BACKGROUND**

Plaintiff was employed as a Registered Nurse ("RN") by Defendants in one of their Dayton,

1

Ohio facilities from February 2019 to November 2022.  (Doc. No. 14 at PageID 61.)  Plaintiff, and other similarly situated healthcare employees[1], "were responsible for providing nursing care to patients in all settings in collaboration with other healthcare providers, coordinating the day-to-day activities of the patient care units, assisting and delivering patient care duties, assisting providers in the examination and treatment of patients, and performing miscellaneous delegated duties."  (Doc. No. 14 at PageID 65-66.)

Plaintiff alleges that she and other similarly situated healthcare employees were scheduled to work forty hours per week.  (*Id*. at PageID 66.)  Plaintiff also alleges that Defendants required healthcare employees to take a 30-minute meal break deduction.  (*Id*.)  Plaintiff further alleges that Defendants required her and other similarly situated healthcare employees to deduct this time even when they were unable to take their full 30-minute meal break because they were interrupted by substantive job duties.  (*Id*.)

Plaintiff describes the substantive job duties that interrupted her meal breaks as:

> [C]onducting electrocardiogram tests, taking blood and other lab draws, assisting patients to the bathrooms, performing wound dressings, and engaging in general nursing duties, such as observing patients, assessing patients' conditions, administering patients' medicines and treatments, recording patients' medical histories and symptoms, providing patient care, creating plans for patients' care, and consulting with doctors and other healthcare professionals concerning patients' care (among other nursing duties).

(*Id*.)

As a result of the required 30-minute meal break deduction, Plaintiff alleges that she and other similarly situated healthcare employees regularly worked more than forty hours per week without proper compensation.  (*Id*. at PageID 67.)  Plaintiff alleges that she and other healthcare

---

[1] Plaintiff defines "healthcare employees" as including, but not limited to, RNs, Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), medical assistants, patient care support employees, and other hourly employees who provide direct care to patients.

2

employees were entitled to a one-and-a-half times increase in their rate of pay for overtime hours. (*Id.*)

Plaintiff filed her Complaint on March 6, 2023. (Doc. No. 1.) On May 5, 2023, Defendants filed Motion of Defendants Kettering Adventist Healthcare and Dayton Osteopathic Hospital, Inc. to Dismiss Plaintiff's Collective and Class Action Complaint. (Doc. No. 13.) On May 12, 2023, Plaintiff filed Plaintiffs' First Amended Collective and Class Action Complaint ("Amended Complaint") (Doc. No. 14). Defendants filed the present Motion on June 16, 2023 (Doc. No. 20) and Plaintiff filed her opposition on July 7, 2023 (Doc. No. 24). Defendants filed their reply on July 21, 2023. (Doc. No. 27.) The matter is fully briefed and ripe for review and decision.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that

3

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

Defendants argue that Plaintiff has failed to plead her claims with the requisite specificity necessary to survive under the *Twombly/Iqbal* standard for a motion to dismiss. (Doc. No. 20 at PageID 138.) Defendants' challenge to the Amended Complaint breaks down into two separate arguments. First, Defendants argue that the Amended Complaint does not sufficiently state what "substantial duties" she was required to perform in lieu of a lunch break and that those duties were for the employer's benefit. (*Id.* at PageID 138-40.) Second, Defendants argue that Plaintiff has failed to plead "any information about how often her meal breaks were interrupted, whether and when those missed meal breaks occurred in weeks during which she worked 40 or more hours, or an approximation of the number of overtime hours worked." (*Id.* at PageID 140.)

#### a. FLSA Background and Pleading Standard

The FLSA requires employers to pay employees at least a specified minimum wage for

each hour worked. 29 U.S.C. § 206(a). The statute further requires employers to compensate employees "at a rate not less than one and one-half times the regular rate," for time worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1).

While the FLSA does not define "work," in 1944 the Supreme Court, defined the term as, "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944). In response to this interpretation by the Supreme Court, Congress passed the Portal-to-Portal Act in 1947, which, in part, exempts employers from paying overtime compensation for "activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a)(2). In turn, the Supreme Court has consistently interpreted "'the term 'principal activity or activities' [to] embrac[e] all activities which are an 'integral and indispensable part of the principal activities.'" *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33, 135 S. Ct. 513, 190 L.E.2d 410 (2014) (quoting *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29–30, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005)). "An activity is therefore integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Busk*, 574 U.S. at 33.

An FLSA overtime claim is properly pled where the complaint alleges: "(1) the defendants were employees as defined by the statute, (2) [plaintiff] and other similarly situated employees regularly worked overtime without compensation, and (3) defendants knew [ ] plaintiffs worked overtime and did not pay them for it." *Douglas v. Aspen Mgmt. USA, LLC*, No. 2:19-cv-5568, 2022 U.S. Dist. LEXIS 18548, at *9-10, 2022 WL 306982, at *4 (S.D. Ohio Feb. 2, 2022) (citing *Roberts v. Corr. Corp. of Am.*, No. 3:14-cv-2009, 2015 U.S. Dist. LEXIS 82575, at *20, 2015 WL

5

3905088, at *6 (M.D. Tenn. June 25, 2015)). Moreover, "the FLSA is a remedial statute that 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Douglas*, 2022 U.S. Dist. LEXIS 18548, at *10, 2022 WL 306982, at *4 (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S. Ct. 260, 3 L. Ed. 2d 243, (1959)). While other circuits employ a heightened pleading standard in FLSA cases, "'courts in the Sixth Circuit have rejected attempts to tighten the post-*Twombly*/*Iqbal* pleading standard under the FLSA.'" *Hutt v. Greenix Pest Control, LLC*, No. 2:20-cv-1108, 2020 U.S. Dist. LEXIS 220748, at *10, 2020 WL 6892013, at *4 (S.D. Ohio Nov. 24, 2020) (qutoing *Comer v. Directv*, LLC, No. 2:14-cv-1986, 2016 U.S. Dist. LEXIS 27842, at *28, 2016 WL 853027, at *9 (S.D. Ohio Mar. 4, 2016)). Consequently, courts in this circuit have held that, "'extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend.'" *Hutt*, 2020 U.S. Dist. LEXIS 220748, at *10, 2020 WL 6892013, at *4 (quoting *Roberts*, 2015 U.S. Dist. LEXIS 82575, at *27, 2015 WL 3905088, at *7)).

### b. **Application**

In this instance, Defendants only challenge the second element of the FLSA pleading test, "[plaintiff] and other similarly situated employees regularly worked overtime without compensation…." *Douglas*, , 2022 U.S. Dist. LEXIS 18548, at *9-10, 2022 WL 306982, at *4 (citing *Roberts*, 2015 U.S. Dist. LEXIS 82575, at *20, 2015 WL 3905088, at *6).

### 1. **Substantial Duties**

Defendants argue that the Amended Complaint fails to state a claim for relief because it does not adequately allege that her meal breaks were disrupted by "substantial duties" that were "predominantly for the employer's benefit." (Doc. No. 20 at PageID 139.) In response, Plaintiff

argues that the Amended Complaint contains two paragraphs with detailed descriptions of her job duties and the duties she performed when her meal breaks were interrupted.  (Doc. No. 24 at PageID 169.)[2]

"'An automatic meal deduction system is lawful under the FLSA.'"  *Parker v. Breck's Ridge LLC*, No. 2:17-cv-633, 2019 U.S. Dist. LEXIS 167936, at *25, 2019 WL 4743750, at *9 (S.D. Ohio Sep. 30, 2019) (quoting *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012)).  "'As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA.'"  *White*, 699 F.3d at 873 (quoting *Hill v. United States*, 751 F.2d 810, 814(6th Cir. 1984)).  "'Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the provisions of the [FLSA].'"  *White*, 699 F.3d at 873 (quoting *F.W. Stock & Sons, Inc. v. Thompson*, 194 F.2d 493, 496–97 (6th Cir. 1952)).  A *de minimis* rule applies when "'the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours.'"  *White*, 699 F.3d at 873 (quoting *Hill*, 751 F.2d at 815).

Defendants argue that Plaintiff, "fails to specify which of those activities purportedly 'often' interrupted or shortened her meal break…."  (Doc. No. 20 at PageID 140.)  They further argue that ¶ 37 is a, "sparse assertion [that] 'doesn't even attempt to detail' the work activities

---

[2] Plaintiff also attaches job postings from Defendants' hospitals to her opposition.  (Doc. No. 24 at PageID 168; Doc. No. 24-1; Doc. No. 24-2; Doc. No. 24-3.)  Generally, a court may not consider evidence outside the pleadings on a motion to dismiss. Fed. R. Civ. P. 12(d).  Moreover, these documents were not referenced in Plaintiff's Amended Complaint and do not fall within the category of documents the Court may generally consider without converting the motion to dismiss into a motion for summary judgment.  *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment").  Therefore, the Court will not consider the documents attached to Plaintiff's opposition for purposes of deciding the motion to dismiss.

7

Plaintiff claims to have performed *during her meal breaks*, nor does it shed any light on 'whether those duties were an intrinsic element' of Plaintiff's job.'" (*Id*.) (emphasis in original.)

As an initial matter, ¶ 37 cannot be read in isolation, as Defendants appear to do.  Instead, the Amended Complaint states:

> 36. Although Defendants required the deduction of a daily 30-minute meal break, Named Plaintiff and other similarly situated healthcare employees were often unable to take a fully uninterrupted, bona fide meal break of thirty (30) minutes or otherwise took a shortened meal break because their break was interrupted with substantive job duties.
> 37. In addition to the duties listed in Paragraph 33, these substantive job duties also include, but are not limited to conducting electrocardiogram tests, taking blood and other lab draws, assisting patients to the bathrooms, performing wound dressings, and engaging in general nursing duties, such as observing patients, assessing patients' conditions, administering patients' medicines and treatments, recording patients' medical histories and symptoms, providing patient care, creating plans for patients' care, and consulting with doctors and other healthcare professionals concerning patients' care (among other nursing duties).

(Doc. No. 14 at PageID 66.)  As can be seen from ¶ 36, the substantive job duties listed in ¶ 37 were the tasks that interrupted the meal breaks of Plaintiff and other similarly situated healthcare employees.  Moreover, any further level of specificity as to which tasks interrupted meal breaks in specific weeks is likely out of Plaintiff's hands.  Plaintiff would need to consult patient's medical records to know if she performed specific tasks in lieu of taking lunch during a particular week.  This specific information, i.e., patient records and administrative records, are in the hands of Defendants.

As discussed in the prior section, a substantial activity is essentially one that "is an intrinsic element of those activities and one with which the employee cannot dispense if [they are] to perform [their]" duties.  *Busk*, 574 U.S. at 33.  It is difficult to conclude that the tasks listed in ¶ 37 are not intrinsic to the duties of a nurse or other healthcare employee.  Every item listed by Plaintiff in ¶ 37 involves patient care in some form.  A nurse is defined, at its most basic, as, "a

8

person who cares for the sick or infirm." *Nurse*, MERRIAM-WEBSTER (11th ed. 2023). The intrinsic element of a nurse's, or any Healthcare employee's, duties is patient care.

### 2. Hours Worked in Excess of Forty

Defendants next argue that Plaintiff has failed to plead "any information about how often her meal breaks were interrupted, whether and when those missed meal breaks occurred in weeks during which she worked 40 or more hours, or an approximation of the number of overtime hours worked." (Doc. No. 20 at PageID 140.) Indeed, Defendants point to *Forrester v. Am. Sec. & Prot. Serv. LLC & F. Michael Jones*, No. 21-5870, 2022 U.S. App. LEXIS 12959, 2022 WL 15514905 (6th Cir. 2022), for the fact that the district court found such deficiencies warranted dismissal and the Sixth Circuit affirmed the dismissal. (*Id.*)

The district court in *Forrester* certainly did find that, "[m]issing from Plaintiff's complaint is any information about the specific weeks that she worked overtime, the length of her average workweek during the applicable period, or an approximation of the number of overtime hours worked." *Forrester v. Am. Sec. & Prot. Serv. LLC & F. Michael Jones*, No. 5:20-cv-204, 2021 U.S. Dist. LEXIS 171078, at *8, 2021 WL 4134043, at *3 (W.D. Ky. Sep. 9, 2021) *aff'd sub nom. Forrester*, 2022 U.S. App. LEXIS 12959, 2022 WL 15514905. However, the Sixth Circuit makes no mention of this rationale in the *Forrester* majority opinion. *See Forrester*, 2022 U.S. App. LEXIS 12959 at *1-11, 2022 WL 15514905, at *1-4. Defendants suggestion that because the Sixth Circuit affirmed the result of the district court's ruling means that it affirmed all of the district court's rational, even where the circuit provided its own independent rationale for affirming, is flawed.

Moreover, many district courts in the Sixth Circuit have not required a plaintiff in a FLSA action to plead specific weeks where overtime was worked or the approximate number of overtime

9

hours worked. *Gibbs v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:21-cv-2153, 2022 U.S. Dist. LEXIS 227, at *10-11, 2022 WL 36688, at *4 (W.D. Tenn. Jan. 3, 2022); *Roberts*, 2015 U.S. Dist. LEXIS 82575, at *28, 2015 WL 3905088, at *8 (finding that plaintiffs were "not required to allege specific weeks in which they were denied overtime"); *Pope v. Walgreen Co.*, No. 3:14-cv-439, 2015 U.S. Dist. LEXIS 12960, at *11-12, 2015 WL 471006, at *5 (E.D. Tenn. Feb. 4, 2015) ("[t]o require the present plaintiffs to each specify in their complaint a particular week in which they worked more than 40 hours without overtime pay would, again, be rigidly harsh and inconsistent with *Iqbal* and *Twombly*"); *Mabry v. Directv, LLC*, No. 3:14-cv-00698, 2015 U.S. Dist. LEXIS 125685, at *12, 2015 WL 5554023, at *4 (W.D. Ky. Sep. 21, 2015) ("*Twombly* and *Iqbal* do not require a FLSA plaintiff to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages").

Defendant points to *Hutt* and *Brown v. Allied Commc'ns Corp.*, No. 1:18-cv-689, 2020 U.S. Dist. LEXIS 29947, at *13, 2020 WL 868207, at *6 (S.D. Ohio Feb. 21, 2020), as supporting the position that Plaintiff needs to plead with specificity the weeks she worked overtime hours and the amount of overtime worked. (Doc. No. 27 at PageID 206.) Both *Hutt* and *Brown* reference that the plaintiffs in those cases pled that they had worked an approximate number of overtime hours in a given period of time. *Hutt*, 2020 U.S. Dist. LEXIS 220748, at *10-11, 2020 WL 6892013, at *4; *Brown*, 2020 U.S. Dist. LEXIS 29947, at *13, 2020 WL 868207. However, the Court does not interpret these findings as an adoption of a more stringent standard requiring a plaintiff in a FLSA action to plead an approximate number of overtime hours in a given period of time. Indeed, both cases specifically state that the district courts in the Sixth Circuit have largely "rejected attempts to tighten the post-*Twombly*/*Iqbal* pleading standard under the FLSA." *Hutt*, 2020 U.S. Dist. LEXIS 220748, at *10-11, 2020 WL 6892013, at *4; *Brown*, 2020 U.S. Dist.

10

LEXIS 29947, at *13, 2020 WL 868207.  The Court will not impose a higher pleading standard on Plaintiff than what is currently required by the courts in this circuit.  Indeed, such an approach is consistent with the directive to liberally construe the FLSA.  *Douglas*, 2022 U.S. Dist. LEXIS 18548, at *10, 2022 WL 306982, at *4 (quoting *Mitchell*, 358 U.S. at 211).

Therefore, the Court finds that Plaintiff has sufficiently stated a claim upon which relief may be granted under the FLSA.

### 3. OPPA Claim

Defendants finally argue that if Plaintiff's FLSA claim fails then its OPPA claim must also fail.  (Doc. No. 20 at PageID 142.)  Plaintiff does not address this point in her opposition.

"Courts interpret overtime claims brought under the [OPPA] in tandem with the FLSA and in a unitary fashion."  *Stang v. Paycor, Inc.*, 582 F. Supp. 3d 563, 567 (S.D. Ohio 2022) (citing *Myers v. Mem'l Health Sys. Marietta Mem'l Hosp.*, No. 2:15-cv-2956, 2019 U.S. Dist. LEXIS 51703, at *16, 2019 WL 1384396, at *6 (S.D. Ohio Mar. 27, 2019)).  Moreover, the OPPA claim can "rise and fall" with Plaintiff's FLSA claim.  *Brandenberg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 20437, at *4-5, 2019 WL 6310376, at *2 (S.D. Ohio Nov. 25, 2019) (citing *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385, n. 1 (6th Cir. 2016)).

As the Court has determined that Plaintiff's FLSA claim may proceed and Defendants make no other argument regarding the OPPA claim, the Court finds that Plaintiff has sufficiently stated a claim upon which relief may be granted under the OPPA.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants Kettering Adventist Healthcare and Dayton Osteopathic Hospital, Inc. to Dismiss Plaintiffs' First Amended Collective and Class Action Complaint (Doc. No. 20).

11

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 7, 2023.

                                        s/Thomas M. Rose
                                        _____
                                            THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE