UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AMY MURPHY, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 3:23-cv-69 |
| v. | : : : | Judge Thomas M. Rose<br>Magistrate Judge Peter B. Silvain, Jr. |
| KETTERING ADVENTIST HEALTHCARE, *et al.*, | : : | |
| Defendants. | | |

**ENTRY AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. NO. 37)**

Presently before the Court is Defendants' Motion for Reconsideration ("Motion") (Doc. No. 37). In the Motion, Defendants Kettering Adventist Healthcare ("KAH") and Dayton Osteopathic Hospital, Inc. ("DOHI") (collectively, "Defendants") ask this Court to reconsider its Entry and Order Granting Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs ("Order") (Doc. No. 34) pursuant to Fed. R. Civ. P. 54(b). (Doc. No. 37 at PageID 421.) Defendants specifically argue that the Order imposes a manifest injustice by denying Defendants a short period of discovery and by permitting Plaintiff Amy Murphy ("Murphy") to send opt-in notices to employees of facilities Defendants allege are non-parties. (*Id*. at PageID 426-34.)

For the reasons explained below, the Court **DENIES** the Motion.

**I.    BACKGROUND**

Murphy is a registered nurse ("RN") who was employed in Dayton, Ohio by Kettering Health Dayton—formerly known as Grandview Hospital—from February 2019 to December

1

2022.  (Doc. Nos. 18-2 at PageID 110; 32-1 at PageID 278-79.)  During her time with Kettering Health Dayton, Murphy worked in the Emergency Department.  (Doc. No. 32-1 at PageID 279.)

In addition to Murphy, three additional nurses have filed consent forms to opt-in as plaintiffs in this action.  Tara Latimore ("Latimore") was employed by Kettering Medical Center as a RN from approximately August 5, 2002 to January 1, 2022.  (Doc. Nos. 18-3 at PageID 114; 32-1 at PageID 279.)  Latimore worked as an Administrative Nursing Supervisor at Soin Medical Center in Beavercreek, Ohio.  (Doc. No. 32-1 at PageID 279.)  Pamela Lawner ("Lawner") was also a RN and worked at Kettering Health Main Campus in the Neonatal Intensive Care Unit.  (Doc. Nos. 18-4 at PageID 118; 32-1 at PageID 279.)  Lawner was employed by Kettering Medical Center from September 11, 1972 to May 5, 2021.  (Doc. No. 32-1 at PageID 279.)  Finally, Jessica Walker ("Walker")  was a Certified Medical Assistant at Kettering Health Greene Memorial in Xenia, Ohio for approximately one year.  (Doc. Nos. 18-5 at PageID 123; 32-1 at PageID 279.)  Walker worked primarily for Allied Physicians, Inc. in a primary care physicians office.  (Doc. No. 32-1 at PageID 279.)

KAH, in turn, is a non-profit corporation that exercise management and oversite over the business operations of the Seventh-Day Adventist Church Healthcare Ministry in the Greater Miami Valley.  (Doc. No. 32-1 at PageID 277-78.)  DOHI is an Ohio non-profit corporation that owns and operates Kettering Health Dayton and Kettering Health Washington Township.  (Id. at PageID 278.)

Plaintiff filed her Complaint on March 6, 2023.  (Doc. No. 1.)  On May 12, 2023, Plaintiff filed Plaintiffs' First Amended Collective and Class Action Complaint ("Amended Complaint") alleging a collective action claim for unpaid overtime under the FLSA (Doc. No. 14).  On June 12, 2023, Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs was filed.  (Doc.

2

No. 18.) Murphy sought to facilitate notice to a group of potential opt-in plaintiffs comprised of:

> All current and former hourly, non-exempt healthcare employees of Defendants who were paid for at least forty (40) hours of work in any workweek that they had a meal break deduction applied to their hours worked beginning June 12, 2020 and continuing through the final disposition of this case.

(Doc. No. 18 at PageID 84.) The Court granted the motion for court-facilitated notice on October 5, 2023. (Doc. No. 34.)

On October 16, 2023, Defendants filed the present Motion. (Doc. No. 37.) Murphy filed her opposition on October 27, 2023 (Doc. No. 38), and Defendants filed their reply on November 3, 2023 (Doc. No. 39). This matter is fully briefed and ripe for review and decision.

## II.   STANDARD OF REVIEW

District Courts have the authority under common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order prior to final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, "'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Dunham v. Sheets*, No. 1:13-cv-226, 2015 U.S. Dist. LEXIS 61330, at *4, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). "To establish manifest injustice a moving party must 'show that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 62130, at *7, 2023 WL 2837200, at *3 (S.D. Ohio Apr. 7, 2023) (quoting *United States v. Carney*, No. 3:21-cv-98, 2022 U.S. Dist. LEXIS 39503, at *4, 2022 WL 678648, at *2 (W.D. Tenn. Mar. 4, 2022), adopted by, *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 92364, 2023 WL 3652386 (S.D. Ohio Apr. 7, 2023)).

3

"Furthermore, a court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful." *Nayyar v. Mt. Carmel Health Sys.*, Nos. 2:10–cv–135, 2:12–cv–189, 2014 U.S. Dist. LEXIS 19916, at *7, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (citing *Render v. Forest Park Police Dept.*, No. 1:07-cv-489, 2009 U.S. Dist. LEXIS 61344, 2009 WL 2168783 (S.D. Ohio July 26, 2009)).

Plaintiffs do not contend that there has been a change in law or that new evidence has come to light, therefore, the Court will look to whether there is "a need to correct a clear error or prevent manifest injustice."

### III. ANALYSIS

Defendants argue that the Court's Order is flawed in two respects. First, Defendants argue that the Order imposes a manifest injustice in not permitting the parties a limited period of discovery on the similarly situated inquiry. (Doc. No. 37 at PageID 426.) Second, Defendants contend that the Order imposes a manifest injustice by allowing notice to non-healthcare employees and to employees of non-defendants. (*Id.* at PageID 431.)

#### A. Reconsideration of the Limited Discovery Period

Defendants argue extensively that the Court has run afoul of *Clark* by not permitting the Parties to engage in a limited period of discovery on the similarly situated inquiry. (Doc. No. 37 at PageID 429.) Indeed, they cite heavily to the decision in *Cordell* for the proposition that the Court must permit discovery and a failure to do so would be a manifest injustice. (*Id.* at PageID 427-29.) In response, Murphy argues that Defendants have reread *Clark* to require discovery, while, in fact, the district court retains discretion to order discovery. (Doc. No. 38 at PageID 443.) In reply, Defendants argue that *Clark* and the subsequent district court decisions show that discovery should usually occur given its similarities to the preliminary injunction standard. (Doc.

4

No. 39 at PageID 463-64.)

"[A] district court may promptly initiate discovery relevant to the motion, including if necessary by 'court order.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (citing Fed. R. Civ. P. 26(d)(1)). Therefore, control over discovery in FLSA notice actions remains soundly within the purview of the district court. *Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-00755, 2023 U.S. Dist. LEXIS 160746, at *8, 2023 WL 5918753, at *3 (S.D. Ohio Sept. 11, 2023).

Defendants' reply asserts that they have never argued that a district court is required to order discovery "100% of the time." (Doc. No. 39 at PageID 463-64.) However, Defendants interpretation of *Clark* essentially seeks to transfer the holding that, "a district court *may* promptly initiate discovery," into a must. *Clark*, 68 F.4th at 1011 (emphasis added). Indeed, as the *Cordell* court found when interpreting this very language from *Clark*, "[n]ote first that this does not require district courts to permit or order discovery, and certainly not expedited discovery. Rather, it simply re-affirms that district courts have the authority to do so." *Cordell*, 2023 U.S. Dist. LEXIS 160746, at *8, 2023 WL 5918753, at *3.

The Court rejects Defendants' proposition that courts in the wake of *Clark* must err on the side of ordering discovery. Indeed, the difference between this case and *Cordell* emphasizes why a court may justifiably reject a request for a limited discovery period. In *Cordell*, the plaintiff set out specifically what it was looking for in the limited period of discovery, such as timekeeping and payroll records among other information about employees at the defendant's facilities within a three-year period. *Cordell*, 2023 U.S. Dist. LEXIS 160746, at *7-18, 2023 WL 5918753, at *3-6. Moreover, several of the cases cited by Defendants similarly demonstrate that the parties agreed to a period of limited discovery and identified specific areas of targeted discovery for the court's

consideration. *See McCall v. Soft-Lite LLC*, No. 5:22-cv-816, 2023 U.S. Dist. LEXIS 133548, at *16-24, 2023 WL 4904023, at *6-9 (N.D. Ohio Aug. 1, 2023) (the parties agreed to a limited period of discovery and identified specific areas of discovery); *McElroy v. Fresh Mark, Inc.*, No. 5:22-cv-287, 2023 U.S. Dist. LEXIS 133551, at *15-24, 2023 WL 4904065, at *7-10 (N.D. Ohio, Aug. 1, 2023) (the parties agreed on the need for a limited period of discovery and identified specific areas of discovery); *Jones v. Ferro Corp.*, No. 1:22-cv-00253, 2023 U.S. Dist. LEXIS 118415, at *13-19, 2023 WL 4456815, at *4-6 (N.D. Ohio, July 11, 2023) (the parties agreed on the need for a limited period of discovery and identified specific areas of discovery); *see also Rashad v. Mason's Pro. Cleaning Serv., LLC*, No. 2:22-cv-2635, 2023 U.S. Dist. LEXIS 139807, at *12, 2023 WL 5154534, at *4 (W.D. Tenn. Aug. 10, 2023) ("However, at this point, [the plaintiffs] have not moved for such discovery nor offered the [c]ourt any proposed terms of said discovery…").

As the Court found in its Order, "Defendants identify no real area for targeted discovery beyond obtaining 'more facts regarding the likelihood of similarity or dissimilarity among the proposed collective.'" (Doc. No. 34 at PageID 393 (citing Doc. No. 32 at PageID 269).) While it is certainly true that courts have viewed the heightened standard in *Clark* as a reason to permit parties the opportunity to engage in limited discovery, it is not a mandate to the district courts to require discovery if either party simply invokes the word. Defendants seek a period of discovery, which Murphy opposed, with no definitive aim. The danger of such a proposition is that the Court may necessarily become involved in discovery to settle disputes over scope and ultimately prejudice one or both of the parties through avoidable delays. The Court is not inclined to allow defendants in FLSA cases to go on boundless fishing expedition that run the risk of driving up the parties' costs or delaying prompt adjudication of court-facilitated notice motion.

6

Therefore, the Court finds that no manifest injustice has occurred.

## B. Reconsideration of the Scope of the Notice

Defendants next argue that the Court imposed a manifest injustice by approving a notice to non-healthcare employees and those who have never worked for either Defendant. (Doc. No. 37 at PageID 431.) Defendants argue that the Order includes employees of entities that are not parties to this case and that the Court should, "modify the Order to authorize notice only to healthcare employees of DOHI." (*Id*. at PageID 432-33.) Defendants contend that "KAH does not employ healthcare employees, and as to any other non-party entity, the joint employer issue must be decided before authorizing notice." (*Id*. at PageID 434.) In response, Murphy argues that Defendants motion seeks only to dispute the Court's interpretation of the caselaw and that she has alleged that KAH is the parent organization for the hospitals and other facilities where the violative conduct occurred. (Doc. No. 38 at PageID 452-53.) In reply, Defendants argue that they have rebutted Murphy's argument that KAH is a parent company and Murphy has failed to meet the strong likelihood standard defined in *Clark*. (Doc. No. 39 at PageID 466.)

As the Court discussed in the Order, two of the cases cited by Murphy in her motion defer an evaluation of the "joint employer" question to the second stage of the court-facilitated notice inquiry "with the caveat that the notice stage applies a 'fairly lenient' standard." (Doc. No. 34 at PageID 390 (citations omitted).) However, the Court was persuaded by a separate line of caselaw finding that the "joint employer" question is a merits inquiry. (*Id*.)

While the vast majority of cases evaluating this question are pre-*Clark*, the Court still views these cases as informative for the question at hand. Indeed, multiple courts in this circuit have found, without reference to the then existing "lenient" standard, that the questions of whether the defendants are joint employers is premature at the initial stage because it is a merits-based

7

argument.  *See Adams v. Central Ohio Elderly Care, LLC*, No. 2:18-cv-134, 2018 U.S. Dist. LEXIS 240443, at *15-16, 2018 WL 11188054, at *5 (S.D. Ohio Oct. 23, 2018); *see also Sholtz v. Emergency Med. Transp., Inc.*, No. 5:20-cv-2328, 2021 U.S. Dist. LEXIS 199550, at *6-7, 2021 WL 4756994, at *2-3 (N.D. Ohio Apr. 22, 2021) (finding that it was premature to decide the joint employer question because it calls for consideration of the merits).

Regardless of whether this is a merits inquiry, there is sufficient evidence to warrant notice under the circumstances.  As Defendants' cited case, *Tate v. Greif, Inc.*, No. 2:21-cv-5099, 2022 U.S. Dist. LEXIS 193827, 2022 WL 13939902 (S.D. Ohio Oct. 24, 2022), demonstrates, "courts have conditionally certified collectives that included employees from subsidiaries or related entities that were not named defendants."  2022 U.S. Dist. LEXIS 193827, at *5-7, 2022 WL 13939902, at *2.

The declaration of Kettering Network Services Director of Human Resources, Peggy Smith ("Smith"), demonstrates that at least three of the facilities in question, DOHI, Kettering Medical Center, and Alliance Physicians, Inc., employ the same requirements for breaks and use the same timekeeping system.  (Doc. No. 32-1 at PageID 279-81.)  Moreover, Smith's declaration states, "KAH exercises management and oversight of the mission and business operations of the Seventh-Day Adventist Church Healthcare Ministry in the Greater Miami Valley."  (*Id*. at PageID 278.)  Defendants argue that this rebuts the contention that KAH is a parent company (Doc. No. 39 at PageID 466), but the Court drew the opposite conclusion.  "[M]anagment and oversight" would indicate a company whose position is above and in command of those below.  Indeed, as the Court found in its Order, the fact that KAH obtained declarations from employees at multiple facilities regarding their break systems lends itself to the finding that it exerts some control over those facilities.

8

Simply put, whether KAH is a "joint employer" is a merits determination and the Court sees no manifest injustice in this finding. Regardless, there is sufficient information before the Court to warrant a finding, that there is a strong likelihood that the unnamed facilities in questions are either subsidiaries or related entities to the extent that providing notice to these facilities is appropriate at this stage. *See Tate*, 2022 U.S. Dist. LEXIS 193827, at *5-7, 2022 WL 13939902, at *2.

Therefore, the Court finds that no manifest injustice has occurred.

IV. **CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendants' Motion for Reconsideration (Doc. No. 37). Defendants shall provide Murphy with a list of current and former employees within the scope of Entry and Order Granting Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs (Doc. No. 18), on or before Friday, November 17, 2023. The Court further finds that Plaintiff's Motion for Leave to File Response to Defendants' Motion to Stay or Extend Deadline to Produce List of Potential Opt-In Plaintiffs (Doc. No. 41) is **MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 14, 2023.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE