UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMY MURPHY, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KETTERING ADVENTIST HEALTHCARE, *et al.*,<br><br>　　　　Defendants. | :<br>:<br>:  Case No. 3:23-cv-69<br>:<br>:  Judge Thomas M. Rose<br>:  Magistrate Judge Peter B. Silvain, Jr.<br>:<br>:<br>:<br>: |

**ENTRY AND ORDER ON PLAINTIFF'S NOTICE OF FILING REVISED NOTICE AND CONSENT (DOC. NO. 35)**

Presently before the Court is Plaintiff's Notice of Filing Revised Notice and Consent Form ("Notice") (Doc. No. 35). Attached to the Notice is Plaintiff Amy Murphy's ("Murphy") Notice of Unpaid Overtime Wage Lawsuit that Murphy seeks to send to a collective of opt-in plaintiffs (Doc. No. 35-2). The Court, in its Entry and Order Granting Plaintiff's Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs (Doc. No. 34), ordered Murphy to make the following changes to her proposed notice:

> 1. Remove the category of "other hourly employees who provide direct care to patients" from the Notice;
> 2. Include language in the Notice informing potential opt-in plaintiffs that they may be required to participate in discovery and trial;
> 3. Include language in the Notice informing potential opt-in plaintiffs that they may seek alternative counsel; and,
> 4. Include language in the Notice informing potential opt-in plaintiffs that they may be required to pay Defendants costs in the event Defendants prevail in this action.

(Doc. No. 34 at PageID 400.)

Plaintiff filed the Notice on October 9, 2023 and Defendants Kettering Adventist

Healthcare ("KAH") and Dayton Osteopathic Hospital, Inc. ("DOHI") (collectively, "Defendants") filed a response on October 16, 2023 (Doc. No. 36). Defendants do not object to Murphy's revisions as they relate to the first three ordered changes. (*Id*. at PageID 416-17.) As to the fourth revision, Defendants contend that Murphy's revised language regarding opt-in plaintiff's potential obligation to pay Defendants costs is insufficient and inappropriate. (*Id*. at PageID 417.)

> The language in question states:
>
> If Defendants prevail in this action, you may be required to pay a portion of Defendants' costs – not including attorney's fees. In order to award costs to Defendants, the Court would have to conclude that the case was not brought in good faith, and that it was not close and difficult.

(Doc. No. 35-2 at PageID 411-12.) The inclusion of the language "not including attorney's fees" is consistent with Sixth Circuit precedent and the notices issued by other courts in this circuit. *See Green v. Verita Telecommunicaitons Corp.*, No. 1:20-cv-2872, 2021 U.S. Dist. LEXIS 103012, at *18, 2021 WL 2227379, at *6 (N.D. Ohio June 2, 2021) (requiring notice to clearly indicate that costs does not include attorney fees); *Pop v. Permco, Inc.*, No. 5:19-cv-659, 2019 U.S. Dist. LEXIS 149634, at *11, 2019 WL 4154480, at *4 (N.D. Ohio Sept. 3, 2019) ("the language included shall clearly indicate that costs does not include attorney fees"); *see also Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994) (finding defendants were not entitled to attorney's fees in an FLSA action under 29 U.S.C. § 216).

The Court further finds that the language stating "you may be required to pay a portion of Defendants' costs" to be appropriate. Each notice will go to an individual and no single opt-in plaintiff will be liable for all of Defendants costs if they prevail.

However, the Court does find the second sentence of the above quote language to be unnecessary. At this point, the Notice need not attempt to inform the opt-in plaintiffs on a legal

standard, not presently at issue, that the Court will ultimately determine and apply. To instruct opt-in plaintiffs on a standard within the Court's discretion and that may be affected by any number of factors is premature.

Therefore, within seven (7) days of this Order, Murphy shall file a proposed Notice that removes the sentence:

> In order to award costs to Defendants, the Court would have to conclude that the case was not brought in good faith, and that it was not close and difficult.

The Notice shall further state that Murphy has conferred with Defendants regarding this change and state whether Defendants object to Murphy's revisions made pursuant to this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 14, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE